**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID AARON TROY; and DAVID AARON TROY PICTURES, LLC., a Pennsylvania limited liability company, ) ) ) ) Plaintiffs, ) ) v. ) ) RHEA+KAISER MARKETING COMMUNICATIONS, an Illinois corporation; and LIQUID 9 PRODUCTIONS, an Illinois limited liability company, ) ) ) ) ) ) ) Defendants. ) ) | Case No. 14-cv-5128  Jury Trial Demanded |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs David Aaron Troy and David Aaron Troy Pictures, LLC. ("DATLLC") (collectively, "Plaintiffs"), by and through their attorneys, bring the present action against Rhea + Kaiser Communications ("R+K") and Liquid 9 Productions ("L9") (collectively, "Defendants").

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all claims properly heard by a jury, and for its complaint, hereby alleges as follows:

## I.     PRELIMINARY STATEMENT

1.     This Action seeks a judgment that U.S. Copyright Registration No. VA1-906-042 to registrant David Aaron Troy entitled (in part) "Northwestern Medicine Images," has been infringed by Defendants R+K and Liquid 9 Productions L9.  This action seeks damages from the Defendants sufficient to compensate for the infringement, a temporary injunction enjoining further infringement by the Defendants, and such other relief as this Court may deem just.

## II.     JURISDICTION AND VENUE

2.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

3.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since both of the Defendants reside in this District and each of the Defendants directly targets business activities toward consumers in Illinois, and the acts of infringement complained of herein occurred in this District.

## II.     THE PARTIES

**Plaintiffs**

5.     Plaintiff David Aaron Troy is a U.S. citizen and resides at 19 Fourth Street, Hanover, Pennsylvania 17331.

6. Plaintiff DATLLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 19 Fourth Street, Hanover, Pennsylvania 17331..

**Defendants**

7. Defendant R+K is a corporation duly organized and existing under the laws of the State of Illinois, having its principal place of business at 400 East Diehl Road #500, Naperville, Illinois 60563.

8. Defendant L9 is a limited liability company duly organized and existing under the laws of the State of Illinois, having its principal place of business at 843 West Randolph, Chicago, Illinois 60607.

### III. COPYRIGHT INFRINGEMENT

9. David Aaron Troy, through his company DATLLC, created several photographs entitled (in part) "Northwestern Medicine Images."

10. The photographs are original works that may be copyrighted under United States law. Copies of the photographs are attached as <u>Exhibit A</u>.

11. David Aaron Troy is, and at all relevant times has been, the copyright owner of the exclusive rights under United States copyright with respect to the photographs, including but not limited to the photographs identified in <u>Exhibit A</u> (the "Copyrighted Photographs"), each of which is the subject of a valid Certificate of Copyright Registration, namely, U.S. Copyright Registration No. VA1-906-042, issued by the Register of Copyrights attached as <u>Exhibit B</u>.

12. Among the exclusive rights granted to the Plaintiffs under the Copyright Act are the exclusive rights to use and reproduce the Copyrighted Photographs and to distribute the Copyrighted Photographs to the public.

13. Mr. Troy believed that a contract was executed between his former agent, Margaret Casey, and the Defendant R+K to pay DATLLC for the creation of the attached photographs and for the authorization to use the attached photographs in written and television advertisements ("the advertisements"). It was under this belief that DATLLC provided the attached photographs to the Defendants.

14. Upon discovering that a contract was not executed between his agent and the Defendants, Mr. Troy contacted the L9 to discuss payment for the creation of the Copyrighted Photographs and for authorization to use the Copyrighted Photographs in the advertisements.

15. The Defendants refused to pay Mr. Troy in full for his services or negotiate with Mr. Troy based on unfounded allegations related to Mr. Troy's conduct and inaccurate financial information.

16. Mr. Troy hired an attorney to further negotiate with L9 for payment for the work Mr. Troy performed for the Defendants and for authorization to use and distribute the Copyrighted Photographs. The Defendants still refused to pay Mr. Troy and refused to negotiate with Mr. Troy's attorney.

17. Without an executed contract or other authorization from Mr. Troy or DATLLC for the use and distribution of the Copyrighted Photographs, the Defendants have infringed the copyright by creating and distributing written and television advertisements including the Copyrighted Photographs. Copies of some of the advertisements are attached as <u>Exhibit C</u>.

18. The Plaintiffs notified the Defendants in writing of the infringement. A copy of the infringement letter is attached as <u>Exhibit D</u>.

19. Counsel for one of the Defendants, L9, responded by repeating the same unfounded allegations against Mr. Troy, by inaccurately claiming that Mr. Troy did not

4

"reasonably" negotiate any settlement of this matter and admitted that the Defendants do not have an executed contract with Mr. Troy or DATLLC. A copy of this letter is attached as <u>Exhibit E</u>.

20.  Plaintiffs are informed and believe that the Defendants, without the permission or consent of the Plaintiffs, continue to use and distribute the Copyrighted Photographs to the public, and/or to make the Copyrighted Photographs available for use and distribution to others. In doing so, the Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution of the Copyrighted Photographs. The Defendants' actions constitute infringement of Plaintiffs' copyright and exclusive rights under copyright of the Copyrighted Photographs.

21.  Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of the Plaintiffs.

22.  As a result of Defendants' infringement of the Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of each of the Copyrighted Photographs. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

23.  The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting the Defendants from further infringing Plaintiffs' copyright, and ordering the Defendants to destroy all copies of the Copyrighted Photographs made in violation of Plaintiffs' exclusive rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

1. Plaintiffs request judgment against the Defendants that the Defendants have infringed U.S. Copyright Registration No. VA1-906-042.

2. Until this case is decided, the Defendants and the Defendants' agents be preliminarily enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Photographs, whether now in existence or later created, that is owned or controlled by the Plaintiffs, including without limitation by using any of the Copyrighted Photographs, to distribute any of the Copyrighted Photographs, or to make any of the Copyrighted Photographs available for use or distribution to the public, except pursuant to a lawful license or with express authority of the Plaintiffs. The Defendants shall also destroy all copies of the Copyrighted Photographs that the Defendants have downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded Copyrighted Photographs transferred onto any physical medium or device in Defendants' possession, custody or control.

3. That Plaintiffs be awarded statutory damages for each infringement of each Copyrighted Photograph pursuant to 17 U.S.C. §504.

4. That Plaintiffs be awarded Plaintiffs' costs in this Action.

5. That Plaintiffs be awarded Plaintiffs' reasonable attorneys' fees incurred herein.

6. Award any and all other relief that this Court deems just and proper.

7. Plaintiffs hereby demand a jury trial on all issues properly triable to a jury.

Dated this 7th day of July 2014.    Respectfully submitted,

 /s/ Steven P. Fallon
Steven P. Fallon (IL Bar 6226735)
Christopher Hermanson (IL Bar 6273943)
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
sfallon@gbclaw.net
chermanson@gbclaw.net

*Counsel for Plaintiff DATLLC*