**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID AARON TROY and DAVID AARON TROY PICTURES, LLC, <br><br> Plaintiffs, <br> v. <br><br> RHEA & KAISER ADVERTISING, INC. d/b/a RHEA+KAISER MARKETING COMMUNICATIONS, an Illinois corporation; and LIQUID 9 LLC, a Missouri limited liability company, <br><br> Defendants. | Case No. 14-cv-5128 <br><br> **Judge Amy J. St. Eve** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Rhea & Kaiser Advertising, Inc. d/b/a Rhea+Kaiser Marketing Communications ("Rhea & Kaiser") and Liquid 9 LLC ("Liquid 9") (collectively, "Defendants"), by and through their attorneys, pursuant to Fed. R. Civ. P. 8(b), file the following Answer[1] and Affirmative Defenses to Plaintiffs' First Amended Complaint in the above-captioned case.

**I.  PRELIMINARY STATEMENT**[2]

1. This Action seeks a judgment that U.S. Copyright Registration No. VA1-906-042 to registrant David Aaron Troy entitled (in part) "Northwestern Medicine Images," has been infringed by Defendants R+K and L9. This action seeks damages from the Defendants sufficient

---

[1] No answer is required with respect to the headings, prayers for relief, and other contents of the Complaint that do not set forth allegations of fact and are not included within numbered paragraphs as required by Fed. R. Civ. P. 10(b).

[2] For the Court's convenience, Defendants reproduce the headings from Plaintiffs' First Amended Complaint. Defendants do not thereby concede, affirm, or otherwise adopt any of those headings.

to compensate for the infringement, a temporary injunction enjoining further infringement by the Defendants, and such other relief as this Court may deem just.

**ANSWER TO PARAGRAPH 1:** This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

## II. JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

**ANSWER TO PARAGRAPH 2:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiffs purport to seek damages and injunctive relief but Defendants specifically deny any wrongdoing.

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

**ANSWER TO PARAGRAPH 3:** Jurisdiction is a legal conclusion to which no response is required.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since both of the Defendants reside in this District and each of the Defendants directly targets business activities toward consumers in Illinois, and the acts of infringement complained of herein occurred in this District.

**ANSWER TO PARAGRAPH 4:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny that any unlawful acts occurred and further deny that Defendant Liquid 9 LLC ("Liquid 9") resides in this District.

## II.     THE PARTIES

**Plaintiffs**

5.     Plaintiff David Aaron Troy is a U.S. citizen and resides at 19 Fourth Street, Hanover, Pennsylvania 17331.

**ANSWER TO PARAGRAPH 5:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

6.     Plaintiff DATLLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 19 Fourth Street, Hanover, Pennsylvania 17331.

**ANSWER TO PARAGRAPH 6:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

**Defendants**

7.     Defendant R+K is a corporation duly organized and existing under the laws of the State of Illinois, having its principal place of business at 400 East Diehl Road #500, Naperville, Illinois 60563.

**ANSWER TO PARAGRAPH 7:**   Rhea & Kaiser admits the allegations of paragraph 7.  The allegations of paragraph 7 are not directed at Liquid 9, and thus, no response is necessary from Liquid 9.

8.     Defendant L9 is a limited liability company duly organized and existing under the laws of the State of Missouri, having its principal place of business at 843 West Randolph, Chicago, Illinois 60607.

**ANSWER TO PARAGRAPH 8:** Liquid 9 admits that it is a limited liability company duly organized and existing under the laws of the State of Missouri. Defendant Liquid 9 denies the remaining allegation contained in this paragraph. The allegations of paragraph 8 are not directed to Rhea & Kaiser, and thus, no response is necessary from Rhea & Kaiser.

### III. COPYRIGHT INFRINGEMENT

9. David Aaron Troy, through his company DATLLC, created several photographs entitled (in part) "Northwestern Medicine Images."

**ANSWER TO PARAGRAPH 9:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same. Defendants further deny that David Aaron Troy is the sole creator of the photographs referenced in this paragraph.

10. The photographs are original works that may be copyrighted under United States law. Copies of the photographs are attached as Exhibit A.

**ANSWER TO PARAGRAPH 10:** The first sentence of this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations of this sentence. The allegations contained in the second sentence of this paragraph purport to describe various documents. Defendants refer to those documents for their content and deny any allegations inconsistent therewith.

11. David Aaron Troy is, and at all relevant times has been, the copyright owner of the exclusive rights under United States copyright with respect to the photographs, including but not limited to the photographs identified in Exhibit A (the "Copyrighted Photographs"), each of which is the subject of a valid Certificate of Copyright Registration, namely, U.S. Copyright Registration No. VA1-906-042, issued by the Register of Copyrights attached as Exhibit B.

**ANSWER TO PARAGRAPH 11:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

12. Among the exclusive rights granted to the Plaintiffs under the Copyright Act are the exclusive rights to use and reproduce the Copyrighted Photographs and to distribute the Copyrighted Photographs to the public.

**ANSWER TO PARAGRAPH 12:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

13. Mr. Troy believed that a contract was executed between his former agent, Margaret Casey, and the Defendant R+K to pay DATLLC for the creation of the attached photographs and for the authorization to use the attached photographs in written and television advertisements ("the advertisements"). It was under this belief that DATLLC provided the attached photographs to the Defendants.

**ANSWER TO PARAGRAPH 13:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

14. Upon discovering that a contract was not executed between his agent and the Defendants, Mr. Troy contacted the Defendant L9 to discuss payment for the creation of the Copyrighted Photographs and for authorization to use the Copyrighted Photographs in the advertisements.

**ANSWER TO PARAGRAPH 14:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

5

15. The Defendants refused to pay Mr. Troy in full for his services or negotiate with Mr. Troy based on unfounded allegations related to Mr. Troy's conduct and inaccurate financial information.

**ANSWER TO PARAGRAPH 15:** Defendants deny the allegations of this paragraph.

16. Mr. Troy hired an attorney to further negotiate with L9 for payment for the work Mr. Troy performed for the Defendants and for authorization to use and distribute the Copyrighted Photographs. The Defendants still refused to pay Mr. Troy and refused to negotiate with Mr. Troy's attorney.

**ANSWER TO PARAGRAPH 16:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and therefore deny the same. Defendants deny the remaining allegations of this paragraph.

17. Without an executed contract or other authorization from Mr. Troy or DATLLC for the use and distribution of the Copyrighted Photographs, the Defendants have infringed the copyright by creating and distributing written and television advertisements including the Copyrighted Photographs. Copies of some of the advertisements are attached as Exhibit C.

**ANSWER TO PARAGRAPH 17:** The first sentence of this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations of this sentence. The allegations contained in the second sentence of this paragraph purport to describe various documents. Defendants refer to those documents for their content and deny any allegations inconsistent therewith.

18. The Plaintiffs notified the Defendants in writing of the infringement. A copy of the infringement letter is attached as Exhibit D.

**ANSWER TO PARAGRAPH 18:** This paragraph purports to describe the content of a document. Defendants refer to that document for its content and deny any allegations inconsistent therewith.

19. Counsel for one of the Defendants, L9, responded by repeating the same unfounded allegations against Mr. Troy, by inaccurately claiming that Mr. Troy did not "reasonably" negotiate any settlement of this matter and admitted that the Defendants do not have an executed contract with Mr. Troy or DATLLC. A copy of this letter is attached as Exhibit E.

**ANSWER TO PARAGRAPH 19:** This paragraph purports to describe the content of a document. Defendants refer to that document for its content and deny any allegations inconsistent therewith.

20. Plaintiffs are informed and believe that the Defendants, without the permission or consent of the Plaintiffs, continue to use and distribute the Copyrighted Photographs to the public, and/or to make the Copyrighted Photographs available for use and distribution to others. In doing so, the Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution of the Copyrighted Photographs. The Defendants' actions constitute infringement of Plaintiffs' copyright and exclusive rights under copyright of the Copyrighted Photographs.

**ANSWER TO PARAGRAPH 20:** Defendants deny the allegations of this paragraph.

21. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of the Plaintiffs.

**ANSWER TO PARAGRAPH 21:** Defendants deny the allegations of this paragraph.

22. As a result of Defendants' infringement of the Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

for Defendants' infringement of each of the Copyrighted Photographs. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**ANSWER TO PARAGRAPH 22:** Defendants deny the allegations of this paragraph.

23. The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting the Defendants from further infringing Plaintiffs' copyright, and ordering the Defendants to destroy all copies of the Copyrighted Photographs made in violation of Plaintiffs' exclusive rights.

**ANSWER TO PARAGRAPH 23:** Defendants deny the allegations of this paragraph.

## PRAYER FOR RELIEF

**ANSWER TO "PRAYER FOR RELIEF":** Defendants deny that Plaintiffs are entitled to any of their purported "prayers for relief." Defendants further deny that they committed any wrongdoing under 17 U.S.C. § 501 or any other law.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses, without regard to whether they are affirmative defenses or matter as to which Plaintiffs bear the burden of proof. Defendants reserve the right to raise additional defenses as discovery proceeds. Defendants do not assume the burden of proof on any issue, however characterized, on which they do not bear that burden.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver and estoppel based on Plaintiffs' conduct and acquiescence to the dissemination of the images that are the subject of Plaintiffs' First Amended Complaint.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Defendants obtained a license for any relevant uses of the images and works identified by Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering statutory damages regarding their claim for copyright infringement by Section 412 of the Copyright Act because the copyright in the relevant images was not registered at the time of the alleged first infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs' copyrights are invalid and/or unenforceable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by its license, consent, and acquiescence to Defendants' use.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff David Aaron Troy's claims are barred to the extent he lacks standing to sue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff David Aaron Troy Pictures, LLC's claims are barred to the extent it lacks standing to sue.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants have not knowingly or intentionally waived any applicable defenses, and Defendants reserve the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Defendants reserve the right to amend or seek to amend its answer and/or affirmative defenses.

## JURY TRIAL DEMANDED

In accordance with Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury on all issues so triable.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief whatsoever and request that this Court enter judgment in favor of Defendants and against Plaintiffs, award Defendants their costs and attorneys' fees, and grant Defendants any and all further relief deemed necessary and proper.

Dated: September 5, 2014                           Respectfully submitted,

                                                         /s/ Robert Newman

Robert Newman
Michael E. Bloom
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone: (312) 558-5600
Email:  rnewman@winston.com

*Attorneys for Rhea & Kaiser Advertising, Inc. and Liquid 9 LLC*

## **CERTIFICATE OF SERVICE**

I, Robert Newman, hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 5, 2014 to:

Steven P. Fallon (IL Bar 6226735)
Christopher S. Hermanson (IL Bar 6273943)
GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 360-0080
(312) 360-9315 (facsimile)
sfallon@gbclaw.net
chermanson@gbclaw.net

*Counsel for David Aaron Troy and David Aaron Troy Pictures, LLC*


                                                        /s/ Robert Newman